UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

WEIWEI ZOU,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

No. 5:26-cv-05053-JDE

ORDER REGARDING PETITION

**I.**

**PROCEEDINGS**

On September 2, 2026, Weiwei Zou ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus alleging her detention by immigration authorities without meaningful access to custody review violates 8 U.S.C. § 1226(a), 8 C.F.R. §§ 236.1, 1003.19, Fifth Amendment Due Process, and the Administrative Procedure Act. Dkt. 1 ("Petition" or "Pet."). As for substantive relief, Petitioner seeks immediate release or in the alternative a bond hearing before an immigration judge. Id. at 11-12.

Respondents filed an Answer on September 10, 2026, arguing that "[w]hile Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond

hearing to be held before an Immigration Judge under § 1226(a)." Dkt. 8 ("Ans.") at 3. Respondents acknowledge Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), and contend that "to the extent Petitioner has not yet requested such a bond hearing from the Immigration Court," she has "not yet properly exhausted their available administrative remedies" and can "seek a Rodriguez bond hearing in the Immigration Court after 180 days of total detention time." Id. at 2-3.

Petitioner did not file an optional Reply within the time permitted.

For the reasons explained below, the Petition is granted, in part.

## II.

## BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. Pet. ¶ 11. She was admitted to the United States on February 4, 2026 on a B-2 visitor visa. Id. She overstayed her visa, which expired on August 3, 2026. Ans., Exh. A. On August 1, 2026, Petitioner filed an application for asylum and for withholding of removal, also seeking protection under the Convention Against Torture. Pet. ¶ 33. When Petitioner appeared for her biometrics appointment on August 26, 2026, she was detained pursuant to an arrest warrant and served with a Notice to Appear, charging her as removable under Section 237(a)(1)(B) of the Immigration and Nationality Act for remaining in the United States for a time longer than permitted. Id. ¶¶ 34-35; Ans., Exh. A-C. A Notice of Custody Determination and Notice of Rights and Request for Disposition also were served on Petitioner the same day. Ans., Exh. D & E. Petitioner's immigration proceedings are pending. Id. at 2.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he or she is in

custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

Petitioner alleges that her detention is governed by 8 U.S.C. § 1226(a) and Respondents have not disclosed the operative custody determination or afforded her meaningful access to custody review. Respondents acknowledge that Petitioner appears to be entitled to an initial bond hearing under Rodriguez Vazquez upon request. To the extent Respondents argue that Petitioner must first request such a hearing administratively to "exhaust" her remedies, the Court finds that, in this instance, such "exhaustion" puts form over substance and would unnecessarily delay a remedy that Respondents concede is currently available to Petitioner upon request, and as such, should not be required. The Court finds Petitioner is entitled to an individualized bond hearing before an immigration judge.

However, Petitioner has not shown she is entitled to more expansive relief. "It is the petitioner's burden to prove [her] custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted)). Petitioner has not met that burden. Even assuming, without deciding, a liberty interest exists, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has not shown that a prompt post-detention bond hearing, where she is afforded the opportunity to challenge her detention, is inadequate to safeguard that assumed liberty interest or that release is the appropriate remedy. Indeed,

Petitioner seeks "alterative" remedies by the Petition of either release or "prompt disclosure of the custody determination and meaningful access to redetermination." See Pet. ¶ 40.

The Court finds that the alternative relief sought by Petitioner of an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) is warranted and appropriate. Although Petitioner appears to request that the government bear the burden of proving she is a flight risk or danger to the community, the Ninth Circuit held in Rodriguez Vazquez that "[a] § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." 183 F.4th at 1167. As such, Petitioner's bond hearing shall be conducted in accordance with the Ninth Circuit's decision in Rodriguez Vazquez. As to all other requests for relief in the Petition, the Court finds those requests are either moot due to the relief ordered herein or are unsupported and are thus denied with prejudice.

## IV.
## ORDER

IT IS ORDERED that Judgment shall be entered:

(1) granting the Petition, in part, and ORDERING Respondents to

(a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Weiwei Zou (A# 236-979-251)** within seven (7) days of this Order, with instructions that the immigration judge must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision; or

(b) release Petitioner from custody subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to ensure her appearance as required and to protect the community, if she is not timely provided with the aforementioned bond hearing; and

(2) denying the Petition as to all other requests for relief with prejudice as moot and/or unsupported.

Dated: September 15, 2026 _

JOHN D. EARLY
United States Magistrate Judge